## RANDAL JAQUES v. PIKE RAPIDS POWER COMPANY AND OTHERS.[1]

July 22, 1927.

No. 26,316.

**When court may examine legislative journals to ascertain whether statute is valid.**

1. When a bill has passed both houses of the legislature, is enrolled twice and the enrolled bills are directly contradictory in one particular, and it is necessary to determine which of the two the legislature intended to enact, the court may examine the legislative journals to ascertain the facts.

**Later statute pertaining to consolidation of corporations valid.**

2. It appears upon the face of the complaint, challenged here by a general demurrer, that L. 1927, c. 385, instead of c. 328, relating to the consolidation of corporations, is the law of this state.

[1] Reported in 215 N. W. 221.

Corporations, 14a C. J. p. 1056 n. 41.
Statutes, 36 Cyc. p. 1246 n. 31; p. 1247 n. 32.

See note in 40 L.R.A.(N.S.) 35, 25 R. C. L. 902.

Plaintiff appealed from an order of the district court for St. Louis county, Magney, J., sustaining a demurrer to the complaint. Affirmed.

*Jaques & Hudson,* for appellant.
*Washburn, Bailey & Mitchell,* for respondents.

LEES, C.

This is an appeal from an order sustaining a general demurrer to the complaint.

The material allegations are as follows: The Pike Rapids Power Company is a Minnesota corporation organized for the purpose of carrying on the business of a producer and distributor of electric power. Its codefendants are its directors and officers. The plaintiff is a stockholder owning less than ten per cent of the voting stock. Assuming to act under the provisions of L. 1927, p. 510, c. 385, the individual defendants, in their official capacity, are about to enter into a consolidation agreement with another corporation organized for the purpose of carrying on the same business as the corporate defendant and, unless restrained from so doing, such an agreement will be entered into and the power company will expend large sums of money in an effort to effect such consolidation.

The complaint alleges that a bill which originated in the senate as file No. 17 was passed by the senate on April 11, 1927, and by the house on April 13, 1927, was approved by the governor on April 22, 1927, and that the enrolled bill, thus enacted and approved, was filed in the office of the secretary of state April 23, 1927, and is designated as L. 1927, p. 510, c. 385.

It is alleged that L. 1927, p. 449, c. 328, is identical with c. 385, except that c. 328 has inserted between the words "railroad" and "bank" in the second line of § 1, the words "producer or distributor of electric power;" that c. 328 passed the senate and house on the

same day as c. 385, was approved by the governor April 20, 1927, and the enrolled bill was filed with the secretary of state April 21, 1927; and that the journal of the senate proceedings had on April 11, 1927, contains the following entries: .

"S. F. No. 17, A bill for an act entitled 'An Act Providing for and Regulating the Consolidation of Corporations.'

"Was read the third time and placed upon its final passage. * * *

"Mr. Lommen moved to amend S. F. No. 17 as follows:

"By adding in line 2 of Section 1 of the bill, between the words 'railroad' and 'bank' the words 'producer or distributor of electric power.'

"Which amendment was not adopted."

The complaint concludes with a demand for an injunction restraining the defendants from taking any proceedings to effect the proposed consolidation.

Two questions are presented for consideration: (1) May the courts look to the journal of the senate to ascertain whether it was the intention to pass two acts (cc. 328 and 385), or only one? (2) Is c. 328 instead of c. 385 the law of this state which governs the consolidation of corporations?

[1] Both acts purport to be senate file No. 17, as enacted. The senate journal shows that when the bill was under consideration an amendment was proposed, but rejected. If the amendment was adopted, c. 328 correctly sets forth the law governing the consolidation of corporations. If it was not adopted, c. 385 is the law.

G. S. 1923, § 9853, provides that the journals of the senate and house shall be admissible in evidence in all cases whatsoever. Ever since Board of Supervisors v. Heenan, 2 Minn. 281 (330), was decided, this court has held that the court may inspect the original bills as enrolled and filed with the secretary of state and have recourse to the journals of the houses of the legislature to ascertain whether or not a law received all the constitutional sanctions to its validity. See State ex rel. Minn. Ry. Const. Co. v. City of Hastings, 24 Minn. 78; State ex rel. Eastland v. Gould, 31 Minn. 189, 17 N. W.

276; State ex rel. Kohlman v. Wagener, 130 Minn. 424, 153 N. W. 749. The Minnesota rule prevails in other states. Rode v. Phelps, 80 Mich. 598, 45 N. W. 493; M. K. & T. Ry. Co. v. Simons, 75 Kan. 130, 88 P. 551; State v. Hocker, 36 Fla. 358, 18 So. 767; Cohn v. Kingsley, 5 Idaho, 416, 49 P. 985, 38 L. R. A. 74; Ruddell v. Gray, 171 Ark. 547, 285 S. W. 2.

If the court may inspect the legislative journals to ascertain whether or not the requirements of the constitution were satisfied, it seems clear that the same course may be taken to ascertain which of two enrolled bills represents the legislative will when both relate to the same subject and purport to have been enacted at the same time and one or the other was manifestly enrolled erroneously.

[2] The facts alleged in the complaint present this situation: There are two enrolled bills. Both are duly authenticated. They contradict each other. One must stand and the other fall. The question is, which one the legislature intended to enact as a law. The senate journal shows that the words found in c. 328 but not in c. 385 were not in the bill which the senate passed. The amendment which would have placed the words "producer or distributor of electric power" in the bill was rejected. Manifestly when the bill was enrolled after it passed both houses these words were erroneously included. It may be inferred that the error was discovered and the bill enrolled a second time with the words omitted, and that, after the correction was made, the governor again gave it his approval. Be that as it may, the journal entries pleaded, uncontradicted and unexplained, raise at least a rebuttable presumption that the words "producer or distributor of electric power" are no part of the statute, and that c. 385 instead of c. 328 is the law of this state governing the consolidation of corporations.

Order affirmed.